El Pueblo de Puerto Rico, demandante y apelado, *v.* Julio Rodríguez, acusado y apelante.

No. 2544.—*Visto:* Junio 25, 1925. *Resuelto:* Julio 7, 1925.

1. "Indictment" y Acusación—Mociones para Eliminar o Desestimar y Excepción Previa—Denuncia—Eliminación de Hechos que son Consecuencia de la Infracción Imputada.—No procede eliminar, por inmaterial, cierto párrafo de una denuncia, cuando los hechos que en él se expresan son una consecuencia de la infracción que se imputa al acusado.

2. Derecho Penal—Apelación y Error, y Certiorari—Revisión—Resoluciones Sobre Mociones Eliminatorias.—Examinada la denuncia en el caso de autos, *se resolvió:* que dentro de las circunstancias que concurren en el mismo, el error alegado en cuanto a la negativa de la eliminación solicitada no existe, y aún existiendo, no es suficiente por sí sólo para revocar la sentencia apelada.

3. Derecho Penal—Apelación y Error, y Certiorari—Revisión—Conclusiones Sobre Prueba Contradictoria.—Cuando la prueba es contradictoria y el juez resuelve el conflicto, su resolución no será modificada en apelación en ausencia de dato o circunstancia alguna que revele la comisión de un manifiesto error, o que se actuara con pasión, prejuicio o parcialidad en la apreciación de los hechos.

Sentencia de *Gabriel Castejón,* J.-(Guayama), condenando al acusado por delito de infracción a la Ley de Automóviles. *Confirmada.*

C. *Domínguez Rubio,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

El Juez Asociado Señor Franco Soto, emitió la opinión del tribunal.

El acusado fué sentenciado a satisfacer una multa de veinticinco dólares por infringir el artículo 12, letra (*d*),

de la Ley No. 75 para reglamentar el uso de vehículos de motor en Puerto Rico, etc., aprobada en abril 13, 1916 (p. 152).

No conforme apeló y apunta en su alegato la comisión de los siguientes errores:

"1. Negarse a eliminar de la denuncia las siguientes palabras: 'yéndose sobre la niña a la cual arrolló, ocasionándole una contusión en la región frontal y otra sobre el ojo izquierdo.'

"2. Al no sostener la oposición que hiciera el acusado a la averiguación de aquellos hechos en relación con una niña que se dice pisara el acusado con el *truck*.

"3. La sentencia es contraria a la prueba.

"4. La prueba de cargo sostiene la supuesta realización de un hecho imposible."

[1–2] A fin de considerar los dos primeros errores que se sostienen por iguales motivos, transcribimos la parte pertinente de la denuncia, que dice:

" *  *  * el acusado Julio Rodríguez, *  *  * maliciosa, ilegal y voluntariamente violó las disposiciones de la Ley para reglamentar el uso de vehículos de motor en los caminos públicos de Puerto Rico, por descuido o negligencia dejó de tomar las debidas precauciones para garantizar la seguridad de vidas y propiedades, consistente en que cuando guiaba el automóvil Truck H. P. No. 168, propiedad de José D. Padilla, al acercarse a la niña Sergia María Rodríguez, que venía por la derecha de la carretera, éste no tomó su respectivo lado derecho yéndose sobre la niña a la cual arrolló, ocasionándole una contusión en la región frontal y otra sobre el ojo izquierdo de las que fué asistida en el Hospital Municipal de esta ciudad, donde quedó recluida."

El apelante sostiene que el párrafo a que se refiere en su primer señalamiento de error es inmaterial porque no tiene relación con el hecho que se denuncia y que sirvió de base para influir en el ánimo del juez en perjuicio del acusado.

La simple lectura de la acusación indica que el párrafo a que alude el apelante es una consecuencia de la infracción

que se imputa a dicho apelante, quien debiendo en todo tiempo ejercer el debido cuidado para garantizar la seguridad de vidas y propiedades, no lo hizo así, por no conducir el vehículo por la derecha, arrollando a la niña que a su vez caminaba por su derecha, según describe la denuncia.

El propio artículo 12 de la referida ley dice:

"Las personas que manejen vehículos de motor en los caminos públicos, deberán, en todo tiempo, ejercer el debido cuidado y tomar precauciones razonables para garantizar la seguridad de vidas y propiedades."

Y la letra (d) del mismo artículo dice lo siguiente:

"Los vehículos de motor que transiten por caminos públicos deberán marchar lo más a la derecha que fuere posible, y esta precaución deberá observarse particularmente cuando se esté doblando una curva * * *."

Bajo las circunstancias que concurren nos inclinamos a creer que el error alegado no existe, pero en el caso de que existiera no sería suficiente por sí solo para la revocación de la sentencia.

[3] Los restantes errores se refieren a la apreciación de la prueba.

Ella fué contradictoria, pues mientras los testigos de cargo declaran en resumen que el acusado no venía por su derecha y que caminaba "curveando," en uno de cuyos momentos fué a chocar con el carrito que conducía a la niña y los de descargo afirman que el acusado venía siempre por su derecha, el juez inferior resolvió el conflicto declarando culpable al acusado sin que encontremos ningún dato o circunstancia que revele la comisión de algún manifiesto error ni que actuara con pasión, prejuicio o parcialidad en la apreciación de los hechos.

*Por todo lo expuesto, la sentencia de la corte inferior debe confirmarse.*